48 F.3d 1228
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellant,
v.
Enrique B. TAIMANGLO, Defendant-Appellee.
 No. 94-10168.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 13, 1995.
Decided Feb. 28, 1995.
 
 Before: REINHARDT, THOMPSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 On June 26, 1984, Enrique B. Taimanglo was convicted of one count each of burglary, second-degree robbery, and possesion and use of a deadly weapon in the commission of a felony. At the conclusion of trial, the presiding judge, Judge Abbate, used the "hesitate to act" definition to instruct the jury on the meaning of reasonable doubt.[1] In Guam, however, the definition of reasonable doubt is proof to a "moral certainty" or any term that adequately conveys this concept. Guam Criminal Procedure Code Sec. 90.23(a); see People of Guam v. Yang, 850 F.2d 507, 512 (9th Cir.1988) (en banc) ("Yang II "). Neither Taimanglo nor the prosecution requested Guam's statutory definition of reasonable doubt or objected to the "hesitate to act" definition at the time of trial. The Appellate Division reversed Taimanglo's conviction and remanded for a new trial, on the ground that the "hesitate to act" instruction given at trial required reversal. We affirm.
 
 
 3
 The parties agree that the instruction given conflicts with Guam law. The sole question on appeal is whether the erroneous instruction requires reversal. While acknowledging that the instruction given was erroneous, the People argue that the error had no effect on the verdict and, therefore, should be deemed harmless error.
 
 
 4
 We conclude that our decisions in Yang II and People of Guam v. Ibanez, 880 F.2d 108 (9th Cir.1989) require reversal of Taimanglo's conviction. As a general rule, we review jury instructions that are not objected to for plain error. People of Guam v. Borja, 983 F.2d 914, 919 (9th Cir.1992); Yang II, 507 F.2d at 512 n. 8. No showing of plain error is required, however, where a "wall of authority" precludes objection. Id.
 
 
 5
 In Yang II, the trial judge (Judge Abbate, the same judge who presided over this case) used the "hesitate to act" instruction instead of the "moral certainty" instruction. Although the defendant had requested the "moral certainty" instruction, he did not object to the instruction given by Judge Abbate. We held not only that the "hesitate to act" instruction failed adequately to convey the meaning embodied in the statute, id. at 512, but also that it was "substantially at odds with the the meaning of the statutory definition." Id. at 513. In particular, we noted that the instruction that Judge Abbate used defined "reasonable doubt" in terms of a reasonable person's behavior, instead of the state of mind of a person without reasonable doubt. Id. at 513. We then held that the use of the "hesitate to act" instruction was reversible error, despite the failure to object. Id. at 513. Because a "binding wall of authority" rendered contemporaneous objection to the erroneous definition futile, plain error analysis was inapplicable and the defendant's conviction was reversed. Id. at 512 n. 8, 513-14.[2] In Ibanez, we extended Yang II by reversing in a case in which the defendant did not request a "moral certainty" instruction. Ibanez, 880 F.2d at 111-13.
 
 
 6
 This case is indistinguishable from Ibanez and Yang II. The same judge who presided in those cases used the same incorrect definition of reasonable doubt. Although Taimanglo did not raise a contemporaneous objection, a "binding wall of authority" existed at the time of trial.[3] In these circumstances, both Yang II and Ibanez mandate reversal. Yang, 850 F.2d at 513-14; Ibanez, 880 F.2d at 113.
 
 
 7
 We reject the government's argument that the use of the "hesitate to act" instruction should be deemed harmless error. The harmless error rule, Fed.R.Crim.P. 52(a), was codified by Guam in 8 G.C.A. Sec. 130.50(a). Under Guam law, an error "which does not affect substantial rights shall be disregarded." We cannot conclude that the jury instruction error did not affect substantial rights. The jury was permitted to convict if the jurors would not "hesitate to act" in the most important of their personal affairs. They should have been permitted to convict only if they were persuaded to a "moral certainty." Some people might not hesitate to act in the most important of their personal affairs, such as choosing a spouse, job, or place to live, despite uncertainty about facts, because of the difficulty and delay of acquiring full information and the need to take risks in future-oriented decisions. See Federal Judicial Center, Pattern Criminal Jury Instructions FJC 18-19 (1987).
 
 
 8
 The Supreme Court's recent decision in Victor v. Nebraska, 114 S.Ct. 1239 (1994) does not alter our conclusion. Citing Victor, the People argue that the instruction given here is harmless because it is at least as favorable to the defendant as the instruction required by Guam law. We disagree. Like the court in Yang II, the majority and concurring opinions in Victor expressed some reservations about the instruction required by California and Guam law. Id. at 1248; id. at 1251 (Kennedy, J. concurring); id. at 1252 (Ginsburg, J. concurring). Nevertheless, the Court upheld the constitutionality of the instruction. Nothing in the Court's opinion supports the People's assertion that the "hesitate to act" instruction offered here is as favorable to defendants as the "moral certainty" instruction required by Guam law.
 
 
 9
 Finally, we note that the instruction given here would require reversal if given in a California trial court. When resolving questions concerning the interpretation of Guam statutes derived from California statutes, reliance on California law is appropriate. Yang II, 850 F.2d at 513. As the Yang II court noted, California courts use a definition of reasonable doubt "virtually identical" to that chosen by the Guam legislature. Id. If a California trial court gave the "hesitate to act" instruction instead of the "moral certainty" instruction, reversal would be required. Id. (citing People v. Bemmerly, 25 P. 266 (1890)). Although the Yang II court expressed some reservations about the "moral certainty" definition of reasonable doubt, it acknowledged the Guam legislature's authority to require that definition in its courts. Respect for this authority requires reversal of the defendant's conviction. Id. at 513-514; see also Ibanez, 880 F.2d at 113.
 
 
 10
 We cannot conclude that the trial court's use of the "hesitate to act" instruction, in place of the "moral certainty" instruction required by Guam law, was harmless error. We therefore affirm the reversal of Taimanglo's conviction.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The actual instruction given reads in relevant part:
 Now as far as the burden as the burden of proof and reasonable doubt,.... It is not required that the Government prove their case beyond all possible doubt. The test is one of "reasonable doubt." And reasonable doubt is a doubt that is based upon common sense and reason, and it is a kind that would make a reasonable person hesitate to act.
 Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.
 
 
 [2]
 This "wall of authority" was erected by (1) an unpublished Ninth Circuit opinion affirming an unpublished Guam opinion that upheld use of the "hesitate to act" definition;" see Guam v. Ignacio, Cr.App. No. 79-00036A (D.Guam App.Div), aff'd, 673 F.2d 1339 (9th Cir.1982); (2) Guam's practice of relying on unpublished Ninth Circuit opinions as binding; and (3) the fact that the presiding judge in the affirmed Guam opinion was also the judge in the case at bar. Yang II, F.2d at 512 n. 8
 
 
 [3]
 Our decision in People of Guam v. Borja, 983 F.2d 914 (9th Cir.1992), is not to the contrary. Borja reaffirmed Ibanez 's holding that the erroneous "hesitate to act" instruction requires reversal where a "wall of authority" exists, but found no such "wall of authority" in the circumstances presented. In Borja (unlike Yang II, Ibanez, and the instant case), at the time of trial: (1) the case permitting use of the "hesitate to act instruction" had been vacated and was pending rehearing en banc; and (2) a different judge presided over the trial. The Borja court reasoned that, in these circumstances, making an objection would not have been futile. The wall of authority that excepts the failure to object from the plain error standard did not exist at the time the jury instruction in Borja was given